NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011
Decided February 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-3011

| | |
|---|---|
| KENNEDY THORNE, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> JEWEL FOOD STORES, INC., <br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 C 2251 <br><br> Wayne R. Andersen, <br> *Judge.* |

**O R D E R**

Kennedy Thorne, an African American, sued Jewel Food Stores, Inc., his former employer, for discrimination and retaliation under Title VII, § 1981, and state law after he was fired. The district court granted summary judgment to Jewel, and Thorne appeals. Because Thorne's evidence does not support a prima facie case of his claims, we affirm.

The chronology is as follows. Beginning in February 1988 Thorne worked as a forklift driver for Jewel at its distribution center in Melrose Park, Illinois. Jewel maintains that between 1988 and 2003 Thorne received 52 disciplinary notices for lack of productivity, unsafe work, and failure to follow its policies and procedures; Thorne contests that number, but cites no specifics. The parties agree that in 2003 Thorne filed two charges with the

EEOC, one for race discrimination in his work schedule and one for retaliation in his work assignment.

In October 2003, Jewel distributed a new policy and procedure manual for the Melrose Park Distribution Center. The manual established a five-step disciplinary process for employees who violate workplace policies. The process provided that employees would receive progressively more severe discipline each time they violated company policy, starting with disciplinary warnings, then suspensions, and if employees reached step five, discharge. The manual also contained a one-step disciplinary process providing for immediate discharge of employees who falsify company documents or engage in "profane, abusive, physically threatening, or harassing misconduct."

Jewel maintains that two incidents in 2004 could have subjected Thorne to immediate termination under the one-step disciplinary process. In one instance, Jewel says, Thorne falsified a company document, and on another occasion he made threatening statements to supervisors. In both cases, instead of firing him, Jewel allowed Thorne to return to work after a suspension.

In 2005 Jewel cited Thorne with a sequence of workplace infractions that triggered the full five-step disciplinary process and are central to this appeal. On August 9, 2005 he received a verbal warning from a supervisor, step one, for taking a 36-minute lunch break. He reached step two the next month when he entered an improper code in his forklift computer. Thorne received a written warning, step three, two months later for taking a 40-minute lunch. He reached step four on February 9, 2006 for failing to swipe in after lunch. He grieved this incident under the collective bargaining agreement, but Thorne, Jewel, and the union were unable to resolve the grievance. Three months after the swipe-in violation, Thorne failed to swipe out for lunch, and Jewel, treating this as step five, arranged a meeting to discuss his possible termination.

On May 19, Jewel met with Thorne and his union. Jewel says that it offered to leave Thorne at step four in the disciplinary system if he dropped the grievance that he filed to oppose the disciplinary notice of February 9, 2006. Thorne acknowledges that Jewel told him to drop the grievance or he would be fired, but insists that Jewel did not promise him that he would keep his job once he dropped the grievance. Thorne refused to drop the grievance and, based on his five recent violations, Jewel fired him that day, about nine months after the first of the five sequential violations.

Thorne then sued Jewel for race discrimination and retaliation for having filed his EEOC charges in 2003. He invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and 42 U.S.C. § 1981. He also claimed that Jewel violated the

Illinois Human rights Act and committed a retaliatory discharge under Illinois common law. In response to Jewel's motion for summary judgment, he argued that evidence about his co-worker Richard Skrabacz suggested discrimination. Skrabacz, a white employee who also worked at the Melrose Park Distribution Center, did not always swipe in or out for lunch, but was not terminated.

The district court granted summary judgment to Jewel on the Title VII and § 1981 claims. The court found an undisputed record of unsatisfactory job performance and that no similarly situated employees received more favorable treatment. According to the court, these evidentiary failings, and the lack of any direct evidence of discrimination or retaliation, defeated both claims. *See Stephens v. Erickson*, 569 F.3d 779, 786-87 (7th Cir. 2009). The court also noted that Thorne presented no evidence that Jewel's stated reason for his termination—reaching the final step of the disciplinary process—was pretextual. The court next dismissed his state-law claims because Thorne did not exhaust his administrative remedies or show that his discharge violated Illinois public policy. *See* 775 ILCS 5/8-111(B)(1); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458 (7th Cir. 1994); *Benders v. Bellows and Bellows*, 515 F.3d 757, 766 (7th Cir. 2008).

On appeal, Thorne challenges only the district court's grant of summary judgment on his Title VII and § 1981 race discrimination claims and relies on the indirect method of proof. To survive summary judgment under this method, Thorne must adduce evidence of a prima facie case, which requires, among other things, that he was meeting Jewel's legitimate job expectations and that Jewel treated a similarly situated employee outside of Thorne's protected group more favorably. *See Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389, 394 (7th Cir. 2010). We review the district court's decision to grant summary judgment de novo, construing all the evidence in Thorne's favor. *Id.* at 389.

Thorne first argues that he has made out a prima facie case of discrimination because he provided evidence that a similarly situated white employee, Skrabacz, failed to swipe in or out for lunch multiple times, but was not terminated. But Jewel explained, without contradiction, that Skrabacz was not similarly situated because, unlike Thorne, he was sometimes assigned to work in the salvage building. The salvage building did not have time clocks during this period, and all of the times Skrabacz failed to punch out or in for lunch coincided with times that he was assigned to work in this building.

Moreover, even if we accepted Thorne's argument, his two federal statutory claims would still fail because he has not demonstrated that he was performing his job satisfactorily, as is required for a prima facie case under both Title VII and § 1981. *See Montgomery*, 626 F.3d at 389, 394. Even ignoring the pre-2003 disciplinary notices, and the two offenses in 2004 that warranted discharge, by May 2006 Thorne had violated Jewel's

policy five times in the preceding nine months. Jewel's written policy regarded that pattern itself as unsatisfactory.

Thorne next argues that Jewel did not follow its own procedures in two ways when it fired him and that these omissions demonstrate that the reason Jewel asserted for his termination (the five recent violations of company policy) was a pretext. He insists first that Jewel failed to follow its own five-step disciplinary process because it impermissibly counted his verbal warning as the first step. He also maintains that Jewel relied on disciplinary infractions that were more than one year old to justify his termination, in violation of the collective bargaining agreement and Jewel's policy of disregarding such dated infractions.

We first note that an argument about pretext is irrelevant because Thorne has not established a prima facie case of discrimination. *See Steinhauer v. DeGolier*, 359 F.3d 481, 485 n.3 (7th Cir. 2004). In any event, his argument that a verbal warning cannot constitute a step in the five-step disciplinary process has no factual support and is directly contradicted by Jewel's policy and procedure manual. Also, Thorne's concern about a violation of the one-year policy is misplaced. In deciding to fire Throne, Jewel cited five recent violations of company policy, all of which occurred within one year of his termination. Jewel relied on older disciplinary infractions only to demonstrate that his unsatisfactory performance predated the EEOC charges upon which Thorne based his retaliation claims. The district court discussed the older infractions only in the context of those retaliation claims, and Thorne has abandoned those claims on appeal.

Accordingly, we AFFIRM the judgment of the district court.